cal__sc____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No.06cv1750 LAB (AJB) |
| Plaintiff, | ) | |
| v. | ) | SCHEDULING ORDER |
| JOHN BARON WANG, | ) | |
| Defendants. | ) | |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on August 15, 2007. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. On or before *October 15, 2007*, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before *October 30, 2007*, any part may supplement in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than** *November 15, 2007* , containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3.      Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before *December 15, 2007*.

**Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

4.      All fact discovery shall be completed by all parties on or before *October 15, 2007*. All expert discovery shall be completed by all parties on or before *January 15, 2008*.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (3) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

5.      All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before *February 15, 2008*.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  <u>**Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks.  Please plan accordingly.**</u>  For example, you may

need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.

6.      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7.      Despite the requirements of Civil Local Rule 16.1.f.2, neither party is required to file a Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1.f.6.b.  The proposed pretrial order shall comply with Civil Local Rule 16.1.f.6 and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

8.      All parties or their counsel shall comply with the Pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before *May 26, 2008*.  **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

9.      Counsel shall meet and take the action required by Local Rule 16.1.f.4 on or before *June 2, 2008*.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1.f.4.c.  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed Pretrial Conference Order.

10.     The proposed Pretrial Conference Order, including objections they have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before *June 9, 2008*, and shall be in the form prescribed and in compliance with Local Rule 16.1.f.6. Counsel shall also bring a court copy of the Pretrial Order to the Pretrial Conference.

11.     The final Pretrial Conference is scheduled on the calendar of **Judge Burns** on *June 16, 2008* at *10:45 a.m*.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

15. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum shall exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

DATED: August 15, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court